

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,409-01

### EX PARTE SHOSHAWNEE WARR HARRIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR-09-7980A IN THE DISTRICT COURT FROM SAN AUGUSTINE COUNTY

*Per curiam.*

### O R D E R

Applicant pled guilty to murder under a plea agreement for a forty-year prison sentence. Applicant, through habeas counsel, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges his guilty plea was involuntary because trial counsel misinformed him about parole eligibility. *See Ex Parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). Applicant says, "Trial counsel told me that I would be eligible for parole before I had done half of my time day-for-day. [Counsel] got the deadly weapon finding removed from my conviction, telling me that this would make my case no longer a Tex. Code Crim. Proc. Ann. art. 42.12 §3g case. This

caused me to agree to the plea bargain in my case." *See* Tex. Gov' t Code 508.145.

Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

The trial court shall make findings of fact and conclusions of law regarding whether counsel misadvised Applicant about parole eligibility, whether Applicant relied on misadvise on parole eligibility when agreeing to plead guilty, and whether Applicant involuntarily pled guilty. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: March 31, 2021
Do not publish